**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL DARLING,

Plaintiff,

v.

1:26-CV-1682
(ECC/DJS)

U.S. DEPARTMENT OF JUSTICE,

Defendants.

**APPEARANCES:**

MICHAEL DARLING
Plaintiff, *Pro Se*
24-B-0396
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

**DANIEL J. STEWART**
**United States Magistrate Judge**

**DECISION and ORDER**

The Clerk has forwarded for review a Complaint filed by *pro se* Plaintiff Michael Darling ("Plaintiff") against Defendant U.S. Department of Justice ("Defendant"). Dkt. No. 1, Compl. The filing fee in this action has not been paid, but Plaintiff filed Motions to Proceed *in forma pauperis*, Dkt. Nos. 8 & 10, which have been addressed by separate order. This matter has been referred to the undersigned for an initial review pursuant to L.R. 72.3.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain the complaint before permitting the action to proceed further.

In the instant matter, the Complaint alleges that Plaintiff "attempted to retrieve several documents" by sending "a FOIA" to Defendant between six to eight times, most recently on June 24, 2026, which Plaintiff claims Defendant has ignored. Compl. at pp. 4-5. Attached to Plaintiff's Complaint is: a receipt for certified mail sent to the Justice Management Division on March 29, 2025; a letter from Plaintiff to the Justice Management Division dated February 11, 2026, requesting a response; and a copy of Plaintiff's Freedom of Information Act ("FOIA") request dated May 5, 2025, which seeks, among other things, "[d]isclosure of all Bond(s) pertaining to MICHAEL DARLING." *See generally* Dkt. No. 1-1.

The Complaint was prepared using a form complaint for actions brought pursuant to 42 U.S.C. § 1983 alleging a prisoner's violation of civil rights. *See generally* Compl. Nevertheless, consistent with its obligation to construe the filings of *pro se* individuals generously, the Court understands this to be an attempt to assert a claim under FOIA



D J S

pursuant to 5 U.S.C. § 522(a)(4)(B), which gives the "district court ' . . . jurisdiction to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from [a] complainant.'" *Omotosho v. United States Corp.*, 2018 WL 4372785, at *3 (D. Conn. Jan. 16, 2018) (quoting 5 U.S.C. § 522(a)(4)(B)); *see Pendell v. United States Secret Serv.*, 2018 WL 4522054, at *3 (N.D.N.Y. Apr. 9, 2018) (same), *report and recommendation adopted sub nom. Pendell v. U.S. Secret Serv.*, 2018 WL 4522049 (N.D.N.Y. June 6, 2018).

"Under the FOIA, an applicant must exhaust administrative remedies by completing the administrative appeal process before seeking judicial review." *Calvino v. F.B.I.*, 2020 WL 419818, at *1 (S.D.N.Y. Jan. 27, 2020) (citing 5 U.S.C. § 552). While Plaintiff does not allege that he exhausted administrative remedies, *see generally* Compl., his failure to do so does not bar consideration of this matter at this stage in the proceedings. *See Omotosho v. United States Corp.*, 2018 WL 4372785, at *3-4 (holding that the complaint's failure to establish exhaustion of available administrative remedies was not a jurisdictional bar to consideration of the matter); *see also Godaire v. Napolitano*, 2010 WL 6634572, at *3 (D. Conn. Nov. 18, 2010) (citations omitted) (explaining that, where an agency fails to comply with the applicable FOIA time limits, a requester is deemed to have exhausted administrative remedies, and permitting plaintiff's FOIA claim against the Department of Justice to proceed).

The scope of review here is limited to whether Plaintiff has alleged an arguable claim, not whether Plaintiff can ultimately prevail. Nor does this Order address whether Plaintiff's Complaint would be sufficient to avoid dismissal upon the filing of a proper motion. At this early stage of the proceedings, the Complaint contains sufficient allegations to warrant a responsive pleading from Defendant.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) be accepted for filing and that this case be allowed to proceed; and it is further

**ORDERED**, that the Clerk shall issue a Summons and forward it along with a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, along with a copy of the Complaint and this Order to the United States Marshal for service upon the Defendant; and it is further

**ORDERED**, that a response to the Complaint be filed by Defendant's counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendant; and it is further

**ORDERED**, that all motions shall comply with the Local Rules of Practice of the Northern District; and it is

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

Dated: October 28, 2026
Albany, New York



Daniel J. Stewart
U.S. Magistrate Judge



D J S